**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SOUTHBELT WRECKER SERVICE INC., *et al.*, § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. H-05-3011 |
| § | |
| THE CITY OF LEAGUE CITY, TEXAS *et al.*, § § § § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

**I.     Background**

League City, Texas requires wrecker operators to comply with certain ordinances to obtain a permit to operate in the City. Plaintiff wrecker operators allege that League City and the Zoning Board of Adjustment of League City (together the "City" or "League City") gave a competing wrecker operator, Classic Auto Works Salvage ("Classic Auto"), a permit but did not require Classic Auto to satisfy the City's ordinances. (Docket Entry No. 2, Ex. B, ¶ 6). Plaintiffs allege that League City has required them to comply with the City's ordinances. (*Id.*, ¶ 7). Plaintiffs argue that League City's discriminatory enforcement of its ordinances creates a "tremendous economic disadvantage" that violates due process and equal protection under the United States Constitution and the Texas Constitution. (Docket Entry No. 8, ¶ 5). Plaintiffs seek an "order requiring that the operations permit issued to Classic Auto Works Salvage be revoked" and damages from League City. (Docket Entry No. 2, Ex. B, p. 3).

Plaintiffs also ask this court to enjoin League City from enforcing City ordinances against them. (Docket Entry No. 8, ¶¶ 3–4, 6). League City has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## II. Discussion

### A. The Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Rule 12(c) motion is "'designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). A court must construe the pleadings liberally and grant judgment on the pleadings only if "'there are no disputed issues of fact and only questions of law remain.'" *Great Plains*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420)). A court should accept well-pleaded facts as true, viewed in the light most favorable to the plaintiff, but need not "'accept as true conclusory allegations or unwarranted deductions of fact.'" *Id.* (quoting *Tuchman v. DSC Commc'ns. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)); *see also Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

### B. The Timeliness of the Motion

Plaintiffs argue that League City's motion is untimely because it was filed before the pleadings were closed. This case was removed from Texas state court. (Docket Entry No. 2). While the case was still in state court, defendants answered plaintiffs' complaint. (*Id.*, Ex. C). Federal Rule of Civil Procedure 81(c) provides that when a case is removed to federal court, "[r]epleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules." FED. R. CIV. P. 81(c). League City's motion was filed after its answer. The motion is timely.

### C. Plaintiffs' Claims

The heart of plaintiffs' claims is that League City's selective enforcement of the City ordinances—against them but not against Classic Auto—violates "due process and equal protection as guaranteed by the United States and Texas Constitutions." (Docket Entry No. 8, ¶ 5). Plaintiffs seek injunctive relief and damages under the United States and Texas Constitutions.

Under federal law, courts are "hesitant to find causes of action arising directly from the Constitution." *Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980). Such a claim is only recognized when there "simply was no other means of seeking redress of flagrant violations of the plaintiff's constitutional rights." *Id.*; *see also Mitchell v. City of Houston, Tex.*, 57 Fed. Appx. 211 (5th Cir. 2003); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1272 n.3 (5th Cir. 1994). When, as here, a case is brought under the Fourteenth

3

Amendment, 42 U.S.C. § 1983 provides a statutory basis for suit. It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. In addition, section 1981 provides a cause of action when the right to "make and enforce contracts" suffer "impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981.

"When a statutory mechanism is available, 42 U.S.C. § 1983 being a prime example, plaintiffs must invoke its protection." *Mitchell*, 57 Fed. Appx. at 211. Otherwise, "the plaintiff's federal Constitutional claims should be dismissed." *Hunt v. Smith*, 67 F. Supp.2d 675, 681 (E.D. Tex. 1999). Plaintiffs have not pleaded a section 1983 claim or a section 1981 claim. They have sought relief only under the Constitution generally.

Even if plaintiffs had asserted selective enforcement in violation of 42 U.S.C. § 1983, or made a claim under section 1981, judgment on the pleadings would be proper. "'Sometimes the enforcement of an otherwise valid law can be a means of violating constitutional rights by invidious discrimination. To address this problem, courts have developed the doctrine of selective enforcement.'" *Rowe v. City of Elyria*, 38 Fed. Appx. 277, 281 (6th Cir. 2002) (unpublished opinion) (quoting *Gardenhire v. Schubert*, 205 F.3d

303, 318 (6th Cir. 2000)).  A plaintiff may allege unlawful selective enforcement under two theories.  The traditional claim for selective enforcement requires a plaintiff to allege that "the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right."  *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000).  Under this theory, a plaintiff must allege that: (1) an official must single out a person belonging to an identifiable group, such as those of a particular race or religion and enforce the law against that group, but not against others; (2) the official must initiate the enforcement with a discriminatory purpose; and (3) the enforcement must have a discriminatory effect on the group to which the plaintiff belongs.  *Id.* (internal citations omitted).  Plaintiffs' selective enforcement claim fails; they have not alleged that they are part of an identifiable group, any improper purpose or motive by League City, or any improper discriminatory effect.[1]

Under the second theory, articulated in the Supreme Court's *Village of Willowbrook v. Olech* decision, 528 U.S. 562 (2000), a plaintiff must allege that a government official

---

[1] The Fifth Circuit has said that personal vindictiveness might be an improper motive for selective enforcement but has not decided whether such a motive would, by itself, support an equal protection claim.  *Beeler v. Rounsavall*, 328 F.3d 813, 818 (5th Cir. 2003).  The "text of the Equal Protection Clause, the history leading to its adoption, and a century of jurisprudence that has in the main interpreted the clause to prohibit only disparate treatment based upon group or class factors suggests that personal vindictiveness by itself is insufficient as an improper motive in the absence of some other class-or group-based discrimination."  *Id.* (internal quotations omitted).  This court need not address this question because plaintiffs have not alleged personal vindictiveness as League City's motivation in selectively enforcing its ordinances.

5

treated him or her differently with no rational basis for the difference. In *Olech*, the Supreme Court held that a homeowner had made an equal protection claim as a class of one by showing that the town in which she lived made an "irrational and wholly arbitrary" decision to require a much larger easement over her property to connect to the municipal water supply than the town required of other property owners who sought access to the water supply. 528 U.S. at 564–65 (2000). The Court held:

> Our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. In so doing, we have explained that the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through daily constituted agents.

*Id.* at 564 (internal quotations and citations omitted). The Fifth Circuit has required a plaintiff asserting selective treatment without any rational basis to allege that "an illegitimate animus or ill-will motivated [its] intentionally different treatment from others similarly situated and that no rational basis existed for such treatment." *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000) (overruled on other grounds). Plaintiffs do not allege that League City had an impermissible reason for the difference between how they were treated as opposed to how Classic Autos was treated. The plaintiffs have not alleged the elements of a "class of one" selective enforcement claim. Because the facts alleged do not show "illegitimate animus" by League City, plaintiffs have not alleged that League City violated their federal equal protection rights.

Plaintiffs also assert a claim to both damages and injunctive relief under the Texas Constitution. As under the Fourteenth Amendment, equal protection challenges under the Texas Constitution vary depending on whether the classification affects a fundamental right or distinguishes upon people based on a "suspect" basis such as race or national origin, the State action must satisfy strict scrutiny, and the governmental action must be narrowly tailored to a compelling governmental interest. *Richards v. League of United Latin American Citizens*, 868 S.W.2d 306, 311 (Tex. 1993). Plaintiffs claim that they have "certain property rights" under Texas law, although they neither specify the scope of their asserted rights nor how League City infringed those rights. (Docket Entry No. 8, ¶ 9). A City's exercise of its zoning and police power does not offend substantive due process unless the challenged ordinance is "'clearly arbitrary and unreasonable, having no substantial relation to the public health, morals, or general welfare.'" *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996) (quoting *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)); *see also Simi Inv. Co. v. Harris County, Texas*, 236 F.3d 240, 249 (5th Cir. 2000) ("'Government action comports with substantive due process if the action is rationally related to a legitimate governmental interest.'") (quoting *FM Prop. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996)).

The Texas Constitution does not give rise to a cause of action that provides for recovery of damages. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 507 (5th Cir. 2001); *Gillum v. City of Kerrville*, 3 F.3d 117, 122 (5th Cir. 1993); *Favero v. Huntsville Indep. Sch. Dist.*, 939 F. Supp. 1281, 1296 (S.D. Tex. 1996), *aff'd*, 110 F.3d 793 (5th Cir. 1997); *Perkins*

*v. Alamo Heights Indep. School Dist.*, 204 F. Supp.2d 991, 995 (W.D. Tex. 2002) ("[D]amages are not recoverable for violations of the Texas Constitution."). Plaintiffs allege that they do not seek damages for "some tort such as negligence." (Docket Entry No. 8, ¶ 6). Courts have treated alleged violations of the Texas Constitution, such as equal protection and due process violations, as tort claims. *See id.*; *Dallas Fire Fighters Ass'n v. City of Dallas*, 885 F. Supp. 915, 927 (N.D. Tex. 1995); *Grant v. Joe Myers Toyota, Inc.*, 11 S.W.3d 419, 423 (Tex. App.–Houston [14th Dist.] 2000, *no pet.*). Plaintiffs may not recover damages for an alleged violation of the Texas Constitution.

Generally, when a court dismisses a complaint under Rule 12, "the court should allow the plaintiff leave to amend his complaint to correct the defect." *La Porte Constr., Inc. v. Bayshore Nat'l Bank of La Porte, Tex.*, 805 F.2d 1254, (5th Cir. 1986). In this case, however, plaintiffs have not sought leave to amend and there is no basis to conclude that the federal law claims or the Texas damages claims can be pleaded to cure their deficiencies. Those claims are dismissed, with prejudice.

Plaintiffs also seek an injunction for the violation of their Texas constitutional rights, prohibiting League City enforcing City ordinances against them because the City has "waived compliance with these same ordinances by Classic." (Docket Entry No. 8, ¶ 4).[2]

---

[2]

Plaintiffs initially sought an injunction "requiring that the operations permit issued to Classic Auto Works Salvage be revoked" and damages for "any losses [the plaintiffs] sustained and will sustain in the future because Classic Auto Works Salvage was issued its operations permit." (Docket Entry No. 2, Ex. B). In plaintiffs' response to the motion for judgment on the pleadings, they assert that they no longer seek revocation of Classic Auto's permit:

> The defendants claim that "the gravamen of Plaintiffs' petition is that the City has permitted the operations of one of Plaintiffs' competitors, . . . without requiring the competitor to

This is the only claim remaining; the federal claims have been dismissed. Under 28 U.S.C. § 1367(c)(3), when federal law claims that serve as the basis of subject matter jurisdiction are dismissed and only state law claims remain, a district court has broad discretion to dismiss the state law claims without prejudice to permit them to proceed in state court.[3] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343(1988); *see also Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[T]he decision as to whether to retain the pendent claims is within the sound discretion of the district court."). A court considering whether to continue to exercise supplemental jurisdiction over such state law claims must consider the provisions of section 1367(c) and the factors the Supreme Court outlined in *Cohill*, 484 U.S. at 350–51, and *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002). Those factors include judicial economy, convenience, fairness, and comity. *Id.*; *see also Jones v. Adam's Mark Hotel*, 840 F. Supp.

---

> comply with the City's criteria for obtaining a permit." It is certainly true that the City did that . . . . But that dispute is now behind us and does not form the basis for Plaintiffs' claims.

(Docket Entry No. 8, ¶ 3).

[3] 28 U.S.C. § 1367(c) provides that:

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

66, 69 (S.D. Tex. 1993). This court decided the state-law damages claim because it was efficient to do so. But the "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are eliminated from a case before trial. *Amedisys*, 298 F. 3d at 447 (citing *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)). Defendants asked this court to dismiss the federal claims and the state law damages claim with prejudice, and to dismiss the remaining state-law injunctive claim without prejudice. (Docket Entry No. 6, p. 3). That request is granted.

### III.     Conclusion

This court dismisses plaintiffs' damages and injunctive claims for federal constitutional violations and for damages for Texas constitutional violations with prejudice, and dismisses without prejudice plaintiffs' claim for an injunction based on the Texas Constitution.

SIGNED on November 22, 2005, at Houston, Texas.

_____
                    Lee H. Rosenthal
                    United States District Judge